UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                          :

MALIBU MEDIA, LLC,                               :

                                                    :      Case No. 1:15-cv-02606-LAK
                           Plaintiff,                     :

                                                      :

                                vs.                        :

                                                      :

DEREK O'FARROW,                                :

                                                    :
                            Defendant.                  :
                                                      :
------------------------------------------------------------X

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff, Malibu Media, LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(b), moves to dismiss Defendant Derek O'Farrow's ("Defendant") Counterclaim.

I.      INTRODUCTION

Plaintiff, a husband-and-wife-owned film studio dedicated to creating and producing high-quality artistic and beautiful adult content, makes its copyrighted works available to subscribers through a subscription-based website.  *See* CM/ECF 6.  In recent years, people have begun uploading Plaintiff's content onto the internet for people to steal through peer-to-peer file-sharing networks.  *See id.*  To combat this piracy, Plaintiff invests significant resources into pursuing all types of anti-piracy enforcement, and sends hundreds and often thousands of infringement notices every single week.  *See id.*  Plaintiff has also retained a computer investigator to help Plaintiff identify the worst of its infringers.  Relevant to this suit, Plaintiff's investigator accessed the BitTorrent protocol and recorded Defendant's Internet Protocol ("IP") address download and distribute one hundred and twenty seven (127) of Plaintiff's copyrighted works, contemporaneously with numerous other third party works.  *See* CM/ECF 1; 16.  To deter

this piracy and obtain some reasonable compensation therefrom, Plaintiff amended its complaint, stating a claim for direct copyright infringement against Defendant. *See* CM/ECF 16.

On or about November 30, 2015, Defendant filed an Answer, denying liability and asserting a Counterclaim consisting of two (2) separate counts. *See* CM/ECF 22. Since Defendant's Counterclaim blatantly violates Rule 11,[1] Plaintiff will likely be separately serving Defendant with a Rule 11 motion, requesting that he voluntarily withdraw his Counterclaim. Plaintiff candidly notes, therefore, that the subject motion will be mooted to the extent Defendant voluntarily withdraws his Counterclaim. At this juncture, though, Plaintiff moves pursuant to Rule 12(b)(6) to dismiss Defendant's Counterclaim since it fails to state claims upon which relief can be granted.

## II.   ARGUMENT

### A. Legal Standard

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a pleading sufficiently evinces a showing that the pleader is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive such a motion, a counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A [counter]claim has facial plausibility when the [defendant] pleads factual content that allows the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *Peress v. Alliancebernstein, L.P.*, No. 09 Civ 4699, 2009 WL 3631034, at *2 (S.D.N.Y. Oct. 26, 2009) (same). Since a "showing" of entitlement to relief is required, the Court need not accept a counterclaimant's unsupported legal allegations, nor must it agree with

---

[1] The subject motion does not address the substance of the Rule 11 violations. For present purposes, it suffices to note that Defendant's Counterclaim contains numerous demonstrably false assertions necessarily made without any factual basis or reasonable inquiry, as well as frivolous legal claims that are unsupported by well established law.

legal conclusions couched as factual allegations or conclusory factual allegations devoid of any reference to actual events. *See Iqbal*, 556 U.S. at 679 ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief.").

### B. Counterclaim Count 1: Declaration Of No Infringement Improper

Count I of Defendant's Counterclaim asserts a cause of action for declaratory relief by asking the Court to deny Plaintiff's claim for direct copyright infringement and declare that Defendant is not liable to Plaintiff for same since "Defendant has not infringed any of Plaintiff's exclusive rights." CM/ECF 22 at p. 8. For Defendant to be able to maintain this counterclaim, he "must demonstrate that the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *McCarty v. The Bank of New York Mellon*, No. No. 14 Civ. 6756, 2015 WL 5821405, at *3 (S.D.N.Y. Sept. 8, 2015) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Defendant cannot do this because Defendant's counterclaim is entirely duplicative of Plaintiff's direct copyright infringement claim. More specifically, Defendant's purported counterclaim for declaratory judgment simply asks the Court to find meritorious Defendant's denial of liability. Obviously, however, this issue will be litigated and addressed through Plaintiff's direct infringement claim. Thus, Defendant's declaratory judgment counterclaim will serve no useful purpose and is improper and disallowed by the Declaratory Judgment Act. *See, e.g.*, *Amusement Indus., Inc. v. Stern*, 693 F. Supp.2d 301, 311–12 (S.D.N.Y. Mar. 1, 2010) ("The fact that a lawsuit has been filed that will necessarily settle the issues for which the declaratory judgment is sought suggests that the declaratory judgment will serve no useful purpose. Nor will it serve to offer relief from

uncertainty since the litigation on the main claims will necessarily offer that relief.").

Following precedent and to properly streamline the litigation, Count I of Defendant's Counterclaim should be dismissed.  *Accord Amusement Indus.*, 693 F. Supp.2d 301, 311–12 (dismissing a defendant's declaratory judgment counterclaim pursuant to Rule 12(b)(6) under analogous circumstances, explaining that "where a counterclaim seeking a declaratory judgment is merely a mirror image of the complaint, the counterclaim serves no purpose"); *Gorfinkel v. Ralk Vayntrub, Invar Consulting Ltd.*, No. 13-cv-3093, 2014 WL 4175914, at *5 (E.D.N.Y. Aug. 20, 2014) (same); *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822, 2008 WL 4974823, at *3 (S.D.N.Y. Nov. 24, 2008) (same); *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 WL 1756383, at *2 (N.D.N.Y. June 18, 2007) (same); *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp.2d 231, 249–50 (S.D.N.Y. 2006) (same); *Camofi Master LDC v. College P'ship, Inc.*, 452 F. Supp.2d 462, 480 (S.D.N.Y. 2006) (same); *Del Greco v. CVS Corp.*, 337 F. Supp.2d 475, 488 (S.D.N.Y. 2004) (same).

### C. Counterclaim Count II: No Abuse of Process

Count II of Defendant's Counterclaim, which alleges an abuse of process, is also destined for 12(b)(6) dismissal.  "To succeed on an abuse of process [counter]claim, [Defendant] must prove, *inter alia*, that [Plaintiff] abused a routine legal process to obtain a collateral objective that is outside the legitimate ends of the process."  *Peterson-Hagendorf v. City of New York*, No. 13 Civ. 1202, 2015 WL 7730930, at *3 (E.D.N.Y. Nov. 30, 2015) (citing *Savino v. City of New York*, 331 F.3d 63, 70 (2d Cir. 2003)).  "The gist of abuse of process is the improper use of process after it is regularly issued."  *Gilman v. Marsh & McLennan Cos., Inc.*, 868 F. Supp.2d 118, 131 (S.D.N.Y. 2012).

Here, Defendant implicitly concedes that Plaintiff has commenced a valid lawsuit against

him viably alleging a claim for copyright infringement, but argues that Plaintiff is liable for abuse of process because its goal in filing this lawsuit (and others like it) is to "extract money from the Defendant" by either "settl[ing]" or otherwise "pursuing" default judgment against "parties who fail to settle." CM/ECF 22 at p. 8. This allegation is a legally unsufficient predicate for an abuse of process claim because, under New York law, a party who uses the litigation machinery for the purpose for which it was intended (*i.e.*, by filing a well-pled complaint and requesting relief thereunder), cannot be liable for an abuse of process claim unless he also attempts to obtain "a collateral objective that is outside the legitimate ends of the process." *Shakima O. v. Westchester County*, No. 12 CV 9468, 2014 WL 521608, at *2 (S.D.N.Y. Feb. 10, 2014) (citing *Savino*, 331 F.3d at 76–77). Attempting to obtain reasonable compensation for infringement—either through a settlement or entry of judgment—is <u>not</u> a collateral objective outside the scope of the process. To the contrary, it is directly tied to—and authorized by—the operation of the process. *Accord* Fed. R. Civ. P. 55 (expressly authorizing pursuit of default judgments as part of the judicial process); *Hoffman v. Town of Southampton*, 893 F. Supp.2d 438, 449 (E.D.N.Y. 2012) (rejecting abuse of process claim where ulterior purpose in filing the lawsuit and pursuing the litigation was to coerce a settlement (citing *Bayer AG v. Sony Electronics Inc.*, 229 F. Supp.2d 332, 368 (D. Del. 2002)); *Lopez v. City of New York*, 901 F. Supp. 684, 691 (issuance of a summons and complaint, even if made with the intent to coerce settlement and create bad publicity for the defendant, does not constitute abuse of process (citing *Perry v. Manocherian*, 675 F. Supp. 1417, 1429 (S.D.N.Y. 1987)). Indeed, the Petition Clause protects a plaintiff's right to resolve litigation through settlement, and courts encourage settlement resolution of all well-pled complaints, ultimate merits aside. *See Marek v. Chesny*, 473 U.S. 1, 11 (1985) ("Rule 68's policy of encouraging settlements is neutral, favoring

neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of <u>all lawsuits</u>." (emphasis supplied)); *Sosa v. DirectTV*, 437 F.3d 923, 937 (9th Cir. 2006) (holding "the protections of the Petition Clause extend to settlement demands as a class," including those made during and prior to a suit).

Even if Defendant's abuse of process theory were tenable—and it is not—his abuse-of-process claim should still be dismissed because Defendant offers nothing but conclusory statements regarding Plaintiff's purported collateral objectives and Defendant's resulting damages. To properly plead an abuse of process and sustain that cause of action, one must sufficiently allege (and ultimately prove) an abuse of process together with resulting "actual or special damages." *Ong v. Park Manor (Middletown Park) Rehabilitation and Healthcare Center*, 51 F. Supp.3d 319, 355 (S.D.N.Y. 2014); *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp.3d 191, 212 (S.D.N.Y. 2014). Here, though, Defendant only vaguely asserts that Plaintiff's goal is to "quickly settle" its lawsuits and that this has somehow "damaged the Defendant in his personal life and professional career." CM/ECF 22 at p. 8. Defendant fails to explain what damages he believes he has suffered, nor does Defendant even attempt to tie his damages to any abuse of process claim. Defendant's insufficient conclusory statements regarding Plaintiff's purported abuse of the process and Defendant's resulting damages further warrant dismissal of his abuse-of-process claim. *See, e.g.*, *Burroughs v. Dorn*, No. 13-cv-3609, 2013 WL 3820673, at *6 (E.D.N.Y. July 22, 2013) (dismissing an abuse-of-process claim where the plaintiff "offer[ed] nothing more than conclusory statements as to [the] allegation that [a defendant] intended to do harm without justification"); *Jovanovic v. City of New York*, No. 04-cv-8437, 2006 WL 2411541, at *12 (S.D.N.Y. Aug. 17, 2006) (dismissing an abuse-of-process claim where the plaintiff "allege[d] a collateral objective only in the most conclusory fashion,

failing to provide any basis for assessing [a defendant's] motive for the [use of process]").

### III.   CONCLUSION

For the foregoing reasons, this Court should dismiss Defendant's Counterclaim. A proposed order is attached for the Court's convenience.

Respectfully submitted,

By: /s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Jacqueline M. James*